## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DIANE JOHNSON and ANDRE JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No. _____ |
| v. | ) ) | |
| DEKALB COUNTY, GEORGIA, OFFICER DERON FULTON, in his individual capacity, and OFFICER JOHN BOWE, in his individual capacity, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Diane Johnson and Andre Johnson bring this action against

Defendants under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth

Amendments of the United States Constitution and Georgia law, stating as

follows:

## INTRODUCTION

### 1.

This is a case about a series of gratuitous and illegal arrests made by

Defendants and the imprisonment and prosecutions undertaken against

Plaintiffs that followed.

2.

On a Saturday evening, Plaintiffs left Bigelow's Bar and Grill. Plaintiffs then saw that their friends and companions were being harassed and arrested for what appeared to be no reason. When Plaintiffs attempted to record their friends' arrest and express confusion and disappointment with the officers' decision to arrest, they too were arrested. Defendants disregarded Plaintiffs' and other citizens' rights of liberty and free speech, arresting them for reasons both fabricated and illegal on their face. All charges against all arrestees were later dropped.

3.

Plaintiffs now seek justice and accountability for the harm that the Defendants have caused and redress for the loss of liberty and the hardship that Plaintiffs have endured and continue to suffer as a result of the Defendants' misconduct.

## JURISDICTION AND VENUE

4.

This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5.

Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose in this district and division.

**PARTIES**

6.

Diane Johnson is a United States citizen and resident of Georgia.

7.

Andre Johnson is a United States citizen and resident of Georgia.

8.

Defendant DeKalb County Police Officer Deron Fulton ("Defendant Fulton") is sued in his individual capacity. At all times relevant to the complaint, Defendant Fulton acted under the color of law.

9.

Defendant DeKalb County Police Officer John Bowe ("Defendant Bowe") is sued in his individual capacity. At all times relevant to the complaint, Defendant Bowe acted under the color of law.

10.

Defendant DeKalb County is a Georgia political subdivision subject to suit.

## FACTUAL ALLEGATIONS

### *Bigelow's Bar and Grill*

11.

On the night of July 11, 2015, Plaintiffs Diane Johnson and Andre Johnson went to Bigelow's Bar and Grill, located at 2564 Gresham Road in DeKalb County, Georgia ("Bigelow's") with their friends, Charity Chambers and Anthony Chamber (the "Chambers") and Plaintiff Andre Johnson's sister, Shayla Johnson.

12.

Plaintiffs decided to part ways with the Chambers after a minor argument about who would pay the bill, and began to walk to their respective cars.

13.

Plaintiffs and the Chambers paid their bills before leaving.

14.

Plaintiffs and the Chambers at no time engaged in any physical confrontation of any kind.

15.

The dispute between Plaintiffs and the Chambers lasted a very short period and was not loud or boisterous.

16.

No employee or patron of Bigelow's at any point in time said anything to any Defendant about the interaction between Plaintiffs and the Chambers.

17.

Plaintiffs' car and the Chambers' car were on opposite ends of the parking lot at Bigelow's, with Plaintiffs' car around toward the back end of the side lot and the Chambers' car directly in front of Bigelow's.

18.

Plaintiffs began to drive home, but stopped when they saw that the Chambers and Defendant Fulton were engaged in discussion, with Defendant Fulton's police vehicle blocking in the Chambers' car.

19.

Plaintiffs then parked their car, exited, and positioned themselves so that they could see and hear the conversation between Defendant Fulton and the Chambers.

*Andre Johnson's Arrest*

20.

Andre Johnson calmly approached Defendants Fulton and Bowe, and asked Defendants Fulton and Bowe what was going on, and when he realized

that the Chambers were being arrested and the proffered reasons why. All statements made by Mr. Johnson constituted constitutionally protected speech.

21.

At no point in time did either Plaintiff physically make contact with any Defendant.

22.

At no point in time did either Plaintiff ever physically, verbally, or otherwise threaten any Defendant.

23.

At no point in time did either Plaintiff ever adopt any kind of aggressive or fighting stance with Defendant Fulton.

24.

At no point in time did either Plaintiff interfere with Defendants' discharge of their duties.

25.

Nevertheless, Defendant Fulton asked Andre Johnson to leave the area, and Andre Johnson immediately turned and walked away. Defendant Fulton informed Andre Johnson that he was not permitted to use profanity in public.

26.

As Andre Johnson walked away, he said something to the effect of "its called freedom of speech—I can say what the fuck I want."

27.

Prior to that statement, Defendants Fulton and Brown had permitted Mr. Johnson to leave the scene and had not threatened him with arrest.

28.

After Mr. Johnson's statement, Defendants Fulton and Bowe then immediately arrested Andre Johnson for disorderly conduct.

*Diane Johnson's Arrest*

29.

During this encounter between the Chambers, Plaintiffs, and Defendants, Diane Johnson informed Defendant Fulton that she was going to begin filming the encounter. Defendant Fulton stated that Diane Johnson could retrieve her phone and film. Diane Johnson then retrieved her cellphone from Plaintiffs' vehicle and attempted to record the events as they unfolded.

30.

Diane Johnson positioned herself a safe distance from Defendants before she attempted to begin filming Defendants' interactions with the Chambers. She did not interfere with any of Defendants' official duties.

31.

After Ms. Johnson returned with her phone and was about to begin filming, Defendant Fulton quickly approached Diane Johnson and slapped her cellphone out of her hands.

32.

Diane Johnson's cellphone flew out of her hand and beneath the Chambers' parked car.

33.

Defendant Fulton did not offer Diane Johnson any warning before slapping the phone out of her hands.

34.

Defendants Fulton and Bowe prevented Diane Johnson from engaging in the constitutionally protected activity of filming police officers engaged in the discharge of their duties.

35.

Defendant Fulton then ordered that Diane Johnson move from where she stood, and stand towards the wall of Bigelow's.

36.

Diane Johnson immediately did so, and calmly stood against the wall and did not yell, shout, film, or otherwise interfere with Defendants' duties. During

this sequence, Defendants Fulton and Officer Bowe arrested both Charity and Anthony Chambers as well.[1]

37.

After Defendants arrested Anthony Chambers, Defendant Fulton walked past Diane Johnson, who was still standing against the wall as ordered by Defendant Fulton.

38.

Diane Chambers asked Defendant Fulton for his name. Defendant Fulton responded by arresting Diane Chambers.

39.

Defendant Bowe was aware of the circumstances that led to Diane Chambers' arrest and participated in the decision to arrest Ms. Chambers. Defendant Bowe then transported Plaintiffs to the DeKalb County Jail.

40.

Diane Johnson was charged with obstruction of an officer in violation of O.C.G.A. § 16-10-24.

---

[1]      Those arrests are the subject of another lawsuit.

41.

Andre Johnson was charged with disorderly conduct, in violation of O.C.G.A. § 16-11-39 and multiple counts of obstruction of an officer in violation of O.C.G.A. § 16-10-24.

42.

All charges against both Plaintiffs were dismissed via motions for nolle prosequi filed by the DeKalb County Solicitor General's office on August 4, 2016.

## COUNT I

*False Arrest, Retaliatory Arrest, and Malicious Prosecution
under 42 U.S.C. § 1983 and the First and Fourth Amendments
by Diane Johnson against Officers Fulton and Bowe*

43.

No reasonable officer in Officer Fulton's or Officer Bowe's position could have believed there was probable cause that Ms. Johnson committed the offense of obstruction of an officer or any other criminal act prior to her arrest.

44.

Ms. Johnson's arrest was predicated on statements made by Ms. Johnson, her attempts to film the Defendants in the discharge of their official duties, and her association with her husband and the Chambers.

45.

The statements made by Ms. Johnson were not fighting words.

46.

The statements and conduct of Ms. Johnson constituted protected speech under the First Amendment.

47.

But for Ms. Johnson's protected speech and conduct, she would not have been arrested.

48.

Officers Fulton and Bowe arrested Ms. Johnson in retaliation for her constitutionally-protected speech and conduct.

49.

The police report and arrest warrant affidavit submitted by Officer Fulton contained knowingly false statements, which were material to the prosecution. The arrest warrant affidavit portrayed Ms. Johnson's conduct as disruptive of the lawful discharge of Defendants' official duties, when in fact Ms. Johnson merely attempted to record the interaction between Defendants, Plaintiffs, and the Chambers.

50.

Even if the statements in the police report and warrant affidavit were not false, no reasonable officer could have believed her conduct amounted to obstruction of an officer.

51.

No reasonable officer could have believed probable cause existed for Ms. Johnson's arrest or the later issuance of the arrest warrant.

## COUNT II

*False Arrest, Retaliatory Arrest, and Malicious Prosecution*
*under 42 U.S.C. § 1983 and the First and Fourth Amendments*
*by Andre Johnson against Officers Fulton and Bowe*

52.

No reasonable officer in Officer Fulton's or Officer Bowe's position could have believed that there was probable cause to believe Mr. Johnson committed the offense of disorderly conduct, obstruction of an officer, or any other criminal act prior to his arrest.

53.

Mr. Johnson's arrest was wholly predicated on statements made by Mr. Johnson during the encounter he had with officers Fulton and Bowe.

54.

The statements made by Mr. Johnson did not constitute fighting words.

55.

Mr. Johnson criticized Officer Fulton's and Officer Bowe's performance of their official police duties.

56.

All of Mr. Johnson's speech leading up to his arrest was protected by the First Amendment.

57.

But for Mr. Johnson's protected speech, he would not have been arrested.

58.

Officers Fulton and Bowe arrested Mr. Johnson in retaliation for his constitutionally-protected speech.

59.

The police report and arrest warrant affidavit submitted by Officer Fulton contained knowingly false statements which were material to the prosecution. Officer Fulton falsely represented that Mr. Johnson engaged in disorderly conduct.

60.

No reasonable officer could have believed probable cause existed for Mr.

Johnson's arrest or the later issuance of the arrest warrant.

## COUNT III

*False Imprisonment, False Arrest, Malicious Prosecution, and Battery
under OCGA §§ 51-7-1, 51-7-20, 51-7-40, and 51-1-13
by Diane Johnson against Officers Fulton and Bowe*

61.

Officers Fulton and Bowe arrested Ms. Johnson without a warrant and

without probable cause to believe she committed a crime.

62.

Officers Fulton and Bowe initiated a criminal prosecution against Ms.

Johnson.

63.

The dismissal of Ms. Johnson's case constituted a favorable termination on

the merits.

64.

Without any justification to arrest Ms. Johnson, the act of handcuffing and

arresting her constituted an assault and battery.

65.

Officers Fulton and Bowe acted with actual malice when arresting Ms. Johnson and seeking an arrest warrant and are not entitled to official immunity under Georgia law.

## **COUNT IV**

*False Imprisonment, False Arrest, Malicious Prosecution, and Battery
under OCGA §§ 51-7-1, 51-7-20, 51-7-40, and 51-1-13
by Andre Johnson against Officers Fulton and Bowe*

66.

Officers Fulton and Bowe arrested Mr. Johnson without a warrant and without probable cause to believe he committed a crime.

67.

Officers Fulton and Bowe initiated a criminal prosecution against Mr. Johnson.

68.

The dismissal of Mr. Johnson's case constituted a favorable termination on the merits.

69.

Without any justification to arrest Mr. Johnson, the act of handcuffing and arresting him constituted a battery.

70.

Officers Fulton and Bowe acted with actual malice when arresting Mr.

Johnson and seeking an arrest warrant and are not entitled to official immunity

under Georgia law.

## COUNT V

*Municipal Liability Resulting from DeKalb County's Policy, Custom, and Practice
under 42 U.S.C. § 1983 and the First and Fourth Amendments
by Diane and Andre Johnson against DeKalb County*

71.

DeKalb County, through its Police Department, has routinely and

customarily interfered with the expression of constitutionally-protected speech,

and has arrested and prosecuted citizens solely for engaging in constitutionally-

protected speech.

72.

DeKalb County's disorderly conduct ordinance, passed into law by the

County Commission, constitutes an official county policy.

73.

DeKalb County's disorderly conduct ordinance appears at section 16-58 of

the DeKalb County Code of Ordinances.

74.

Code section 16-58 states: "(a) It shall be unlawful for any person to act in a loud and boisterous, reckless, unruly or violent manner for the purpose of insulting, degrading, or inciting another or a group of individuals in a public place. (b) It is not the intent of this section to restrict any individual's right to free speech."

75.

Code section 16-58 permits the arrest and prosecution of an individual who acts in a loud and boisterous manner for the purpose of insulting or degrading another individual or group of individuals without any requirement that an individual's conduct also constitute fighting words or an imminent breach of the peace.

76.

Officers are not provided any specific training on the First Amendment, the doctrine of fighting words, or the circumstances under which an individual may be arrested for engaging in constitutionally protected speech.

77.

The official County policy codified at code section 16-58 authorizes the arrest of an individual solely for engaging in speech that is protected under the

First Amendment and unaccompanied by any action inciting imminent danger or violence.

## 78.

Code section 16-58 is facially unconstitutional.

## 79.

The fact that code section 16-58 is both unconstitutional and routinely enforced is a moving factor in Plaintiffs' illegal arrests.

## 80.

DeKalb County police officers have a pattern and practice of arresting individuals solely because they have engaged in constitutionally-protected speech.

## 81.

Prior instances of arrests being made as a result of engaging in constitutionally-protected speech include the following examples, which occurred within five years of the time of Plaintiffs' arrests.

    a.    In *Wilkerson v. Seymour*, Plaintiff Monique Wilkerson received a jury verdict finding that she was falsely arrested by DeKalb County Police Department officer Thedious Seymour for disorderly conduct when she was arrested for using profanity.

b.    In *Williams v. Hudson*, Plaintiff's son was arrested for disorderly

conduct for "us[ing] profanity and [being] 'a little loud.'"

c.    In *WBY, Inc. v. DeKalb County*, Plaintiff Joshua Schindler alleged that

he was falsely arrested for and improperly charged with disorderly

conduct by DeKalb County Police Department officers. In defense of

their decision to arrest Schindler for disorderly conduct,

"Defendants claim that Schindler was cursing at officers and acting

loudly and boisterously."

d.    On October 14, 2012, while working off duty at a Waffle House,

Officer Fulton, Defendant in this civil action, was assisting other

officers in effectuating an arrest when he noticed that a bystander

was filming the interaction with his phone. Despite the bystander

not interfering in any way, Officer Fulton demanded that the

bystander stop filing. When the bystander did not stop filming,

Officer Fulton approached the bystander, assaulted him, and took

his cellphone. Other officers reported that Defendant Fulton was

yelling profanities at the bystander and that officer intervention was

needed to prevent further escalation. Defendant Fulton did not

receive any meaningful punishment or reprimand for this serious

constitutional infringement.

82.

Subsequent arrests by DeKalb County Police Department officers show that its custom, policy, and practice of disregarding citizen's First Amendment rights is still pervasive. As but examples:

a.   In *State v. Randon Davis*, Mr. Davis was arrested and prosecuted for disorderly conduct for showing his middle finger to DeKalb County Police officers. He was ultimately acquitted.

b.   In *State v. Chelsea Woody*, Ms. Woody was charged with disorderly conduct for "being disorderly and using profanity after an argument took place." This incident took place at Bigelow's.

c.   In *State v. Timothy Wilkes*, Mr. Wilkes was charged with disorderly conduct for "repeated used [sic] profanity towards me and stood in the front of the location causing a disturbance." This incident also took place at Bigelow's.

d.   In *State v. Dexter Johnson*, Mr. Johnson was charged with disorderly conduct for "cursing shout in [sic] loud boisterous manner in public."

e.   In *State v. Ashlee Cobb*, Ms. Cobb was charged with disorderly conduct because "[w]hile conducting [a] warrant invest[igation] . . .

Ms. Cobb became irate @ Inv. S. Daniels and other law enforcement officer."

83.

The County has also been placed on notice that its officers do not understand the application of the First Amendment to the crime of disorderly conduct. For example, in *Whitley et al. v. Hill, et. al.*, Plaintiff Wynter Whitley made claims that she was falsely arrested for and improperly charged with, *inter alia*, disorderly conduct by DeKalb County Police Department officer Michael Hill. When asked at his deposition what the basis for the disorderly conduct charge was, Hill responded that "Disorderly conduct [was] for her yelling, being loud and boisterous and cursing in a public area at that point where there were still patrons walking around in the parking lot, causing a scene."

84.

As a matter of course, the County does not provide training to its police officers, or require any training, on the subject of the First Amendment or landmark United States Supreme Court cases applying the First Amendment to disorderly conduct laws.

85.

These repeated instances are only a fraction of cases in which DeKalb

County officers have violated the First Amendment by arresting individuals engaged in constitutionally-protected speech in the years immediately preceding Plaintiffs' arrests.

86.

These incidents provided notice to DeKalb County of the need for policy revisions, increased supervision, and training regarding free speech activity.

87.

DeKalb County has been deliberately indifferent to the need for policies, increased supervision, and training regarding free speech activity.

88.

The County's established custom, failure to train, and county policy and deliberate indifference to the First Amendment was the proximate cause of Officer Fulton's and Officer Bowe's decision to arrest both Plaintiffs.

## COUNT VI

*Declaratory and Injunctive Relief*
*under 42 U.S.C. § 1983 and the First and Fourth Amendment 28 U.S.C. § 2201 against*
*DeKalb County*

89.

Code section 16-58 is facially unconstitutional under the First Amendment.

90.

Although Officers Fulton and Bowe did not charge Ms. Chambers under Code section 16-58, the county policy codified by section 16-58 was the proximate cause of their decision to arrest Ms. Chambers.

91.

Code section 16-58 served the basis for Officer Fulton's threat to Ms. Chambers that he would tase her if she continued cursing in public.

92.

Plaintiffs frequently visit DeKalb County for business and leisure.

93.

Plaintiffs each have used, and intend to use, words which DeKalb County believes to constitute profanity.

94.

Plaintiffs have made, and intend to make, statements which DeKalb County considers to be "insulting or degrading," and to act in a manner which DeKalb County considers "loud and boisterous" under Code Section 16-58.

95.

Absent a court order enjoining DeKalb County ordinance § 16-58, Plaintiffs' speech will be chilled and/or Plaintiffs will face imminent criminal

prosecution.

## COUNT VII

*Attorneys' fees*
*under O.C.G.A. § 13-6-11*
*by Diane and Andre Johnson against Officers Fulton and Bowe*

96.

Plaintiffs are entitled to recover expenses personally of litigation under

O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly

litigious, and caused Plaintiffs unnecessary trouble and expense.

97.

O.C.G.A. § 13-6-11 applies to tort actions arising under State law.


WHEREFORE, Plaintiffs demand the following:

a)      That this action be tried by a jury;

b)      That judgment be entered in favor of Plaintiffs and against

Defendants in an amount to be determined by the enlightened conscience of fair

and impartial jurors to the extent allowed by law;

c)      That the Court enter the injunctive relief necessary to curb the

ongoing policy and practice of DeKalb County police officers making disorderly

conduct arrests which violate the First Amendment;

d)      That Plaintiffs be awarded punitive damages against Defendants

Fulton and Bowe;

e)      That Plaintiffs be awarded attorneys' fees under 42 U.S.C. § 1988 and

O.C.G.A. § 13-6-11;

f)      That all costs of this action be taxed against Defendants; and

g)      That the Court award any additional or alternative relief as may be

deemed appropriate under the circumstances.

Respectfully submitted this 11th day of July, 2017.

                                        */s/ Zack Greenamyre*
                                        Zack Greenamyre
                                        Georgia Bar No. 293002

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com


                                        */s/Jeffrey R. Filipovits*
                                        Jeffrey R. Filipovits
                                        Georgia Bar No. 825553

FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Rd.
Building 1
Atlanta, Georgia 30341
770-455-1350
jeff@law.filipovits.com

*Counsel for Plaintiffs*